**In re 1606 NEW HAMPSHIRE AVENUE ASSOCIATES, Debtor.**

**Bankruptcy No. 88–00395.**

United States Bankruptcy Court,
District of Columbia.

Feb. 3, 1989.

David Kuney, Michael Shor, Washington, D.C., for debtor.

Patrick Kearney, Emil Hirsch, Washington, D.C., for Unsecured Creditors Committee.

ORDER RE APPLICATION FOR AUTHORITY TO EMPLOY COUNSEL FOR THE UNSECURED CREDITORS' COMMITTEE UNDER A GENERAL RETAINER

S. MARTIN TEEL, Jr., Bankruptcy Judge.

Thomas, Hirsch & Albert, P.C. ("the law firm") has filed an application on behalf of the unsecured creditors' committee, seeking to employ the law firm under a general retainer of $10,000 to be paid from the estate. For the reasons stated at a hearing of January 25, 1989, the Court concludes that the estate currently contains insufficient funds to warrant payment of a retainer from the estate.

The Court further concludes, however, that a substantial argument exists that in appropriate circumstances the Bankruptcy Court may order that a retainer be paid from the estate in favor of counsel for a creditor's committee. To the extent that *In re Structurlite Plastics Corp.,* 91 B.R. 813, 817 (Bankr.S.D.Ohio 1988), suggests to the contrary, its analysis may be in error in focusing upon a retainer order as a retainer "extracted from a debtor against its wishes." Any retainer would be paid not from the Debtor but from the *estate.* The Debtor, as debtor-in-possession, merely serves as trustee of the estate. An order for payment of a retainer from the estate arguably is no more of an involuntary extraction than an order for payment of an allowed fee claim from the estate. Based on the foregoing, it is hereby

ORDERED that the unsecured creditors' committee is authorized to employ Thomas, Hirsch & Albert, P.C. as counsel if the law firm consents thereto, with the law firm free to enter into an agreement concerning the extent to which it will perform services without a retainer; and it is further

ORDERED that the application to employ said law firm under a general retainer of $10,000.00 to be paid by the Debtor is DENIED, without prejudice to the renewal of that application at a later date based on changed circumstances.